IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OMAR CHAVEZ-GARCIA,　　　　　　　) | |
| 　　　　　　　　　　　　　　) | 4:06cv3114 |
| 　　　　Plaintiff,　　　　　　) | |
| 　　　　　　　　　　　　　　) | MEMORANDUM AND ORDER |
| vs.　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　) | |
| RICHARD G. KOPF,　　　　　　) | |
| 　　　　　　　　　　　　　　) | |
| 　　　　Defendant.　　　　　) | |

This matter is before the court on Filing No. 2, the Motion to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Omar Chavez-Garcia, a federal prisoner. The plaintiff asserts a "Bivens action," i.e., a claim based directly on the United States Constitution, against the federal district judge who presided over the plaintiff's criminal prosecution and post-judgment motions in this court. See Bivens v. Six Unknown Named Agents, 403 U.S. 388, 395-97 (1971), in which the United States Supreme Court stated that damages may be obtained for unconstitutional conduct by individual federal officials.

The plaintiff seeks a declaratory judgment and an award of damages for the alleged deprivation of his constitutional rights in Case No. 4:00cr347, United States v. Omar Chavez-Garcia (D. Neb.). The plaintiff objects specifically to the decision in which District Judge Richard G. Kopf refused to grant the plaintiff's request for return of $6,000 which had been confiscated at the time of the plaintiff's arrest (see filing no. 146 in Case No. 4:00cr347, denying Mr. Chavez-Garcia's Motion for Release of Funds). In the above-entitled case, the plaintiff characterizes Judge Kopf's decision in the criminal proceeding as a wanton and willful abuse of process, conspiratorial, an abuse of discretion, unlawful, and a violation of the plaintiff's rights.

The plaintiff purports to sue Judge Kopf in the defendant's individual and official capacities. However, while a Bivens action may be maintained against federal officials in

their individual capacity for constitutional torts committed personally, such an action may not be asserted against the United States, its agencies, or against federal employees in their *official* capacity. FDIC v. Meyer, 510 U.S. 471, 473, 484-86 (1994); Balser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, 909 (9th Cir. 2003), cert. denied, 541 U.S. 1041 (2004). Thus, a Bivens action does not state a viable cause of action against the defendant in his official capacity. Balser v. Department of Justice, Office of U.S. Trustee, 327 F.3d at 909.

In addition, in his individual capacity, Judge Kopf is shielded by absolute immunity from the plaintiff's claim for damages. Judges are entitled to absolute judicial immunity from damages for acts taken while in their judicial capacity unless they acted in the clear absence of all jurisdiction, and absolute judicial immunity is not overcome by allegations of bad faith or malice. Mireles v. Waco, 502 U.S. 9, 12 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006); Bolin v. Story, 225 F.3d 1234, 1239-40 (11th Cir. 2000). Immunity applies even if the judge's acts are erroneous, malicious, or in excess of the judge's jurisdiction. Stump v. Sparkman, 435 U.S. at 356.

By moving for leave to proceed IFP, the plaintiff subjects his complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

2

Because the plaintiff challenges actions taken by Judge Kopf while he was conducting judicial proceedings, Judge Kopf has absolutely immunity from the plaintiff's claim for damages for the performance of those judicial responsibilities.  Thus, insofar as the plaintiff seeks damages from Judge Kopf in his individual capacity, the plaintiff's claim completely lacks a legal basis.  In addition, as previously stated, a <u>Bivens</u> action will not lie against a federal official in his or her official capacity.

Finally, the plaintiff cannot obtain a declaratory judgment in his favor because, in the criminal case, the Eighth Circuit Court of Appeals affirmed Judge Kopf's refusal to grant the plaintiff's request for return of the $6,000.  Therefore, there exists no legal basis on which to question Judge Kopf's decision.

The plaintiff qualifies financially to proceed IFP, and Filing No. 2 is granted. However, the plaintiff's complaint and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

THEREFORE, IT IS ORDERED:

1.    That Filing No. 2, the plaintiff's Motion to Proceed in forma pauperis, is granted, and the plaintiff's complaint and this action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) (failure to state a claim on which relief may be granted and as a claim for monetary relief against a defendant who is immune from such relief);  and

2    That a separate judgment will be entered accordingly.

DATED this 18th day of May, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3